IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HEATH ERBERT and TOPP'S MECHANICAL, INC., a domestic corporation,<br><br>Plaintiffs,<br><br>-vs-<br><br>BLACK AND VEATCH CONSTRUCITON, INC., a foreign corporation; and CASEY INDUSTRIAL INC., a foreign corporation,<br><br>Defendants,<br><br>KONECRANES STANDARD LIFTING CORP., a foreign corporation; MORRIS MATERIAL HANDLING, INC., d/b/a Konecranes Americas, a foreign corporation; KONECRANES, INC., d/b/a Crane Pro Services, a foreign corporation;<br><br>Defendants/Third-Party Plaintiffs,<br><br>-vs-<br><br>MIRON CONSTRUCTION CO. and INTEGRATED ELECTRICAL SERVICES, INC., d/b/a Kayton Electric, Inc.,<br><br>Third-Party Defendants. | CASE NO.: 4:10CV-3196<br><br><br><br><br><br><br><br><br><br><br><br>**PROTECTION ORDER** |

**IT IS HEREBY ORDERED THAT:**

    1.    This Order applies to all documents, information, evidence, testimony, pleadings, affidavits, briefs, motions, transcripts and discovery material containing confidential, proprietary, commercial and/or financial information including depositions, testimony, admissions and answers to interrogatories, given or taken in this action.

2. All information provided or produced by a party to this Litigation (the "Producing Party") which the Producing Party asserts is "Confidential" shall be treated as "Confidential Information."

(a) The Producing Party may identify any document(s) as Confidential Information by stamping such document(s) with the word "Confidential." In the alternative, the Producing Party may identify any document(s) as Confidential Information by designating them as confidential in writing to all other parties through a description of the documents or classification of documents, or with a list of the bates numbers of the documents. The failure to designate a document as "Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document promptly after such document has been produced, with the effect that such document is subject to the protections of this Stipulated Protective Order.

(b) A party may, at the time of the deposition, designate the entire testimony as "Confidential Information" in which case the other party shall treat the testimony as such for a period of thirty (30) days after receipt of the transcript. Within thirty (30) days of the receipt of the deposition transcript, the designating party shall identify that deposition testimony which is to be treated as Confidential Information by stamping only such pages of the transcript as are to be treated as Confidential Information and serving the designated transcript on all parties. Pages not so stamped and served will not be treated as Confidential Information. Confidential Information shall be used by any party receiving such information only for the purpose of this Litigation.

3. Confidential Information shall be used only for the purpose of this litigation, as otherwise agreed to by the parties, or as ordered by any court or required by law, and may not be used or disclosed for any other purpose.

4. Except upon order of the Court or with the prior written consent of the Producing Party, Confidential Information shall not be directly or indirectly disclosed to any person other than:

(a) Legal counsel representing the parties to this case, and members of their law firms, including any law clerk, paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel;

(b) Court reporters who take and transcribe testimony, as well as necessary secretarial and clerical assistants;

(c) Experts specially retained by attorneys in this litigation (including consulting or testifying experts) only if such persons agree in writing to be bound by the terms of this Order by signing a copy of Exhibit "A" attached hereto;

(d) A party, such party's in-house legal counsel, or current or former officer(s), director(s), or employee(s) of a party deemed necessary by counsel to aid in the presentation, defense, or settlement of this action (or related litigation);

(e) A witness at any deposition or other proceeding in this action and their counsel;

(f) Any mediator retained by the parties in an effort to mediate and/or settle the claims in this action;

(g) Any insurance company that might provide coverage for all or any part of any judgment rendered in this action, as well as such insurance company's in-house legal counsel, or an officer, director, or employee of such insurance company deemed necessary by such insurance company to assist in the evaluation or settlement of this action.

5. The designation of "Confidential" upon any document pursuant to this Order shall not constitute a ruling upon any claim of privilege, nor a ruling that such document necessarily is entitled to the protection that may be accorded under the terms of this Order. If a party shall, at any time, conclude that a particular document or a portion thereof should not be treated as Confidential Information, it shall so notify all other parties. If the parties are unable to reach agreement regarding the status of the document and the protection to be afforded, the party contesting the claim of confidentiality shall continue to treat the documents as originally designated according to the terms of this Order until that party has presented the matter to the Court and the Court rules upon the status to be afforded the document. In the event of a challenge to the Confidential treatment of a particular document, the party making the designation shall carry the burden of establishing that the document is entitled to protection under Federal Rule of Civil Procedure 26(c) or other applicable law.

6. All documents of any nature, including briefs that have been designated as "Confidential" and that are filed with the Court, shall be filed under seal or restricted access in

accordance with NEGenR 1.3(a)(1)(B) and NECivR 5.0.3(c). All documents so filed shall be released from confidential treatment only as provided by further order of the Court.

7. The parties filing any brief, memorandum, motion, letter or other document (a "Filing") under seal or restricted access with the Court because the Filing would disclose information from a document that is otherwise required to be filed under seal or restricted access pursuant to the provisions of this Stipulation and Order shall comply with the provisions of NEGenR 1.3(a)(1)(B) and NECivR 5.0.3(c).

8. Any party to the Litigation who objects to the continued restriction on public access to any document filed under seal or restricted access shall give written notice of his or her objection to the Producing Party. To the extent that the Producing Party seeks to continue the restriction on public access to documents filed with the Court, that party shall file an application with the Court for a judicial determination as to whether good cause exists for continued restricted access to the document.

9. Any party may seek to introduce into evidence at trial any document which has been designated as Confidential. The Producing Party may request the Court to maintain the confidentiality of such information at trial. Within thirty (30) days after receipt of written notice of the final disposition of this lawsuit, whether by judgment and exhaustion of all appeals or by voluntary dismissal, the Producing Party or its counsel may withdraw all documents designated Confidential which have been filed or lodged with the Court in any manner. If such documents are not withdrawn by the Producing Party or its counsel within the time period stated above they will become part of the permanent public file of the proceedings or such documents may be destroyed.

10. Within thirty (30) days after receipt of written notice of the final disposition of this Litigation, whether by judgment and exhaustion of all appeals, or by voluntary dismissal, any party who has received documents designated Confidential shall either return all such documents to the Producing Party or provide to counsel for the Producing Party a written certification that all such documents have been destroyed.

11. Any waiver under this Protective Order must be made in writing or, if at a deposition or in Court, on the record. Any waiver, unless expressly made general, shall be deemed limited to the specified purposes of the request or proceeding involved, and shall not otherwise waive any of the protection provided by this Protective Order.

12. Nothing herein shall preclude a receiving party from using documents designated as "confidential" which:

(a) are or become available to the public other than through breach of this Order by the receiving party; or

(b) are or become otherwise lawfully available to the receiving party without restriction from a third party.

13. If a party in possession of Confidential Information receives a subpoena or other compulsory process from a non-party to this Stipulated Protective Order seeking production or other disclosure of such Confidential Information, that party shall give written and telephone notice to counsel for the Producing Party within five (5) business days after receipt of the subpoena or other compulsory process; such notice shall identify the Confidential Information sought and enclose a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the party to which the subpoena or other compulsory process was issued or served shall not produce the Confidential Information called for prior to receiving a court order or the consent of the Producing Party. In the event that such Discovery Material containing Confidential Information is produced to the non-party, such material shall still be treated by the parties to this action in accordance with the designation as Confidential by the parties to this Stipulated Protective Order.

14. Inadvertent failure to designate materials as Confidential Discovery Material at the time of production may be supplemented by written notice given by the producing party. Upon receipt of such notification, all documents, materials, or testimony so designated shall be fully subject to this Stipulation and Order as if it had been initially so designated; provided, however, that the receiving party shall incur no liability for any previous treatment of such information in conformance with its original designation.

15. In the event a Producing Party produces two or more identical copies of a document and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated in accordance with the most restrictive designation on any copy once the inconsistent designation is known. The Producing Party shall be responsible for informing the party receiving the inconsistently designated information of the inconsistent designation; however, if any person subject to this Stipulation and Order receives

such inconsistently designated information, and has actual knowledge of the inconsistent designation, the person shall treat all copies in accordance with the most restrictive designation.

16. In the event that a Producing Party inadvertently produces to any other party any materials that are privileged or otherwise immune from discovery, in whole or in part, pursuant to the attorney-client privilege, work product doctrine, or other applicable privilege, such privileged materials may be retrieved by the Producing Party by giving written notice to all parties to whom the Producing Party inadvertently provided copies of the produced privileged materials of the claim of privilege and the identity of the documents inadvertently produced. This notice must be provided within fifteen (15) business days of the date on which the Producing Party becomes aware of the inadvertent production. Upon receipt of such notice, all parties or other persons who have received a copy of the inadvertently produced materials shall promptly return any and all copies of those materials to the Producing Party. The terms of this paragraph shall not be deemed a waiver of a party's right to challenge the Producing Party's designation of materials as privileged (provided, however, that any such challenge to the designation may only be made following the return of such identified documents to the Producing Party), nor shall such inadvertent production of any material that is subsequently retrieved pursuant to this paragraph be deemed to be a waiver of the claim of privilege asserted. No party shall use any inadvertently produced privileged materials in connection with this Litigation or any related actions. Any party returning material to a Producing Party pursuant to this paragraph may then move the Court for an Order compelling production of the material, but said motion shall not assert as ground for entering such an Order that the Producing Party waived any privilege because of the inadvertent production.

17. The terms and provisions of this Protective Order are subject to modification, extension or limitation as may be hereafter agreed upon by the parties in writing or by order of this Court.

18. Neither the approval of the form of this Protective Order or the execution of the Protective Order by the Court shall operate as an admission against or otherwise prejudice any contention of any party on any motion provided for herein or for any other purpose, nor shall it be interpreted as a waiver of any party's rights to seek modification from the Court of any or all provisions of this Protective Order.

19. In the event additional parties join or are joined in this action, they shall not have access to confidential information until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by and comply with all terms of this Protective Order. This Protective Order shall also apply to documents or other information produced or provided in this case by any non-party which agrees in writing to be bound by and comply with all terms of this Protective Order.

DATED this 19th Day of October, 2012.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

**Prepared and Submitted by:**
ENGLES, KETCHAM, OLSON & KEITH
1350 Woodmen Tower
Omaha, NE 68102
Phone: (402) 348-0900
Stephen G. Olson, II, #18949
Kristina (Pfeifer) Kamler, #24082

## EXHIBIT "A"

  I hereby certify that I have carefully read the Protective Order entered in the above-entitled case and I fully understand the terms of the Court Order. I recognize that I am bound by the terms of that Order, and agree to comply with those terms.

  Execute this _____ day of _____, 20__, at _____.

_____
(Signature)

_____
PRINT NAME

Name: _____

Affiliation: _____

Business Affiliation: _____

Business Phone: _____

Home Address: _____

_____

Home Phone: _____